United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20341
Summary Calendar

_____

Thinh Nguyen,

Plaintiff-Appellant,

versus

Baker Hughes, Inc., Baker Hughes Inteq/Atlas, Inc., and Connie
DeSiata,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
Civil Action No. H-02-3384
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this direct civil appeal, Thinh Nguyen, Appellant,
challenges the district court's ruling, granting summary judgment
to Baker Hughes Inteq/Atlas, Inc. ("Baker Hughes"), and Connie
DeSiata, Appellees.  For the reasons that follow, we affirm.

On September 6, 2002, Plaintiff filed suit against

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Defendants in the U.S. District Court for the Southern District of Texas, Houston Division, for (1) assault under Texas common law; (2) sexual harassment under Title VII, 42 U.S.C. § 2000e-2 et seq.; (3) racial discrimination under 42 U.S.C. § 1981 and Title VII; (4) discrimination based on national origin under Title VII; (5) defamation under Texas common law; (6) intentional infliction of emotional distress under Texas common law; (7) invasion of privacy under Texas common law; and (8) negligence under Texas common law.

On March 10, 2004, the district court granted the Defendants' motion for summary judgment. The court found that Baker Hughes took prompt remedial action after Plaintiff complained of harassment, as is required by Title VII. *See Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409-10 (5th Cir. 2002). Further, it noted that Plaintiff failed to complain about the other abuse she allegedly suffered, thus "unreasonably fail[ing] to take advantage of any preventative or corrective opportunities provided by the employer." *Id.* at 410. We agree with the district court findings. For these reasons, Baker Hughes cannot be held liable for any sexually harassing conduct suffered by Plaintiff.

The district court also found that there is no evidence that Baker Hughes should have known about any alleged racial harassment, or even that any acts of racial or national origin

discrimination took place.  It dismissed the state law claims against Baker Hughes as meritless and declined to exercise supplemental jurisdiction over the state law claim for assault against DeSiata.

Appellant's brief makes general assertions and arguments concerning discovery matters, but it is difficult to discern what specific error was committed by the district court.  The brief appears to be just a general attack on the summary judgment.  We can glean from the brief a basic assertion that Defendants failed to produce evidence of a defense and thus Plaintiff believed she did not have to produce any evidence showing actionable conduct.  But at the summary judgment stage, the plaintiff must produce evidence showing there is a genuine issue of material fact for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

Appellant provided no evidence in summary judgment to create a fact issue with respect to her claims.  Moreover, Appellant's brief fails to give references or to put forth specific arguments.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  We have examined the record and the district court's order and find no error in the district court's judgment.

Accordingly, we AFFIRM the district court's ruling.